(No. 81-CC-2031–

STANLEY A. ANTON, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed February 8, 1983.*

PRESNEY, HUFFMAN, KELLY & APPLETON, for Claimant.

NEIL HARTIGAN, Attorney General (WILLIAM E. WEBBER, Assistant Attorney General, of counsel), for Respondent.

HOLDERMAN, J.

This claim was brought by a resident of the Logan Correctional Center to recover for injuries suffered on February 5, 1981. Claimant was employed as a maintenance worker by the center and was doing work as a welder. On the day in question, he was welding a stainless steel sink and was receiving compensation in the amount of $45.00 per month for doing various welding operations.

At the time of the accident, Claimant was wearing a welding helmet and was sitting on the edge of a high stool leaning over the sink. The type of welding he was doing required him to hold a welding torch in one hand and a rod of metal in the other hand. These would be joined together, melting the metal to perfect the weld. As Claimant was engaged in this welding process, he was startled by a loud noise. The noise apparently caused Claimant to jump backward at which time the stool also went backward and he started to fall. Claimant testified that it was very difficult to see through the eye plate of the welding helmet except when welding was actually being done. As Claimant was falling, he attempted to remove the welding helmet and in so doing, he jabbed himself in the eye with the hot metal rod he was holding in his left hand.

Claimant was given immediate medical attention by Dr. Robert Trapp at the correctional center. The record

shows that two other residents of the center dropped a long steel beam on the floor, causing the loud noise that startled Claimant. One of these individuals, Jim Meredith, testified he was also a welder, that welding was a delicate operation, and if someone was banging things around a person while he was welding, it would upset him. He further testified he was aware of incidents of horseplay when he would be welding and people would bang on things with hammers or make other noises that would make you jump. He also testified that "a sudden noise or something like that is going to make you jump, no matter what you are doing."

It appears from the facts presented that Mr. Meredith, as supervisor, was under a duty to maintain safety standards in the shop, that he neglected to do so, and as a result of such failure, the injury occurred. It further appears that the direct and proximate cause of Claimant's injury resulted from said failure. Claimant was clearly free from any contributory negligence in this particular accident.

Claimant testified that his eye sustained a burn which was very painful, that it caused him considerable difficulty for approximately one week, that he is now compelled to wear eyeglasses which he never wore prior to the accident, and that he was still suffering to some degree as a result of the injury.

Claimant did not incur any loss of wages or medical bills so we are dealing mainly with pain and suffering. In this connection, it is noted that neither Dr. Trapp nor Dr. Moran found any permanent damage to Claimant's eye.

It is the Court's opinion that Claimant be awarded the sum of two thousand five hundred ($2,500.00) dollars for injuries sustained and pain and suffering as a result of

this accident. An award is hereby made in said amount in full, final and complete settlement in this cause.